UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STANCO; JOSE M. LINARES; MARIA V. LINARES; HENRY M. STRODKA; and BOZENA M. STRODKA,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | No. 2:18-cv-00873-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Defendant Internal Revenue Service's ("Defendant") Motion to Dismiss. (ECF No. 5.) Plaintiffs Paul Stanco, Jose M. Linares, Maria V. Linares, Henry M. Strodka, and Bozena M. Strodka (collectively, "Plaintiffs") filed a response. (ECF No. 8.) Defendant filed a reply. (ECF No. 9.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///
///
///
///
///

1

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed the instant action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (ECF No. 1 at 1.) Plaintiffs seek disclosure of records related to their requirement to file IRS Forms 8938 and 5471. (*Id.*) In Claims One through Ten, Plaintiffs allege they submitted the following FOIA requests to Defendant in April 2017 ("the April 2017 requests"):[1]

1. Plaintiff Paul Stanco ("Mr. Stanco") submitted two requests for documents regarding both forms (Claims One and Two);
2. Plaintiff Jose M. Linares ("Mr. Linares") submitted two requests for documents regarding both forms (Claims Three and Four);
3. Plaintiff Maria V. Linares ("Mrs. Linares") submitted two requests for documents regarding both forms (Claims Five and Six);
4. Plaintiff Henry M. Strodka ("Mr. Strodka") submitted two requests for documents regarding both forms (Claims Seven and Eight); and
5. Plaintiff Bozena M. Strodka ("Mrs. Strodka") submitted two requests for documents regarding both forms (Claims Nine and Ten).

In July 2017, Plaintiffs agreed to consolidate the FOIA requests under a single processing file to allow Defendant to consolidate its responses to the requests. (*Id.* at 6.) In August 2017, Defendant provided an interim response to Mr. Stanco's April 2017 requests. (*Id.* at 7.) On November 16, 2017, Defendant provided its final determination as to all Plaintiffs' April 2017 requests. (*Id.* at 8.) Defendant released certain responsive records to Plaintiffs' requests, notified Plaintiffs that it was withholding the remaining responsive records, and cited exemptions in support of its decision to withhold those records. (*Id.*) The letter additionally enclosed "Notice 393," which informed Plaintiffs they had 90 days to administratively appeal Defendant's final determination. (ECF No. 5-3 at 34).

Plaintiffs admit they did not file administrative appeals with respect to any of the April

---

[1] Plaintiffs also bring claims related to Mr. Stanco, Mr. Linares, and Mr. Strodka's separate November 2017 requests (Claims 11 through 13), but those claims are not at issue in the instant motion.

2

2017 requests. (ECF No. 8 at 5–6.) Instead of filing said administrative appeals, Plaintiffs filed the instant Complaint on April 10, 2018. (ECF No. 1.) On May 16, 2018, Defendant moved to dismiss Claims One through Ten, arguing Plaintiffs failed to exhaust administrative remedies as required.[2] (ECF No. 5.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim...is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege

---

[2]   Defendant originally moved to dismiss Claims One through Ten for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). (ECF No. 5-1 at 1.) In its reply, however, Defendant requested the Court construe its motion as a motion to dismiss pursuant to Rule 12(b)(6). (ECF No. 9 at 2.) Defendant alternatively requested that its entire motion be construed as a motion for summary judgment. (ECF No. 9 at 2.) Before the Court may treat a 12(b)(6) motion as a motion for summary judgment, however, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). On June 23, 2020, the Court issued a minute order stating it was inclined to treat Defendant's motion as a motion for summary judgment because at that time it appeared there was no dispute of material fact concerning Plaintiffs' failure to exhaust. The Court ordered Plaintiffs to show cause as to why the Court should not construe Defendant's motion as a motion for summary judgment or, in the alternative, to file any opposition to the motion construed as such. In response, Plaintiffs agreed "the Court has jurisdiction to adjudicate the claims in Counts 1–9 pursuant to Rule 12(b)(6) and/or [Rule] 12(d)." (ECF No. 12 at 2.) However, because Plaintiffs raise new arguments in their response that Defendant has not had a "reasonable opportunity" to respond to, the Court declines to treat Defendant's motion as a motion for summary judgment. Instead, the Court construes Defendant's motion as a motion to dismiss pursuant to Rule 12(b)(6).

"'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the...laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[ ] [his or her] claims...across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

4

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III.  ANALYSIS

Defendant seeks dismissal of Claims One through Ten because Plaintiffs failed to exhaust administrative remedies before seeking judicial review of the April 2017 requests. (ECF No. 5-1 at 1.) More specifically, Defendant argues Plaintiffs did not administratively appeal the April 2017 requests, which are the subject of Claims One through Nine. (*Id.*) Defendant also argues Mrs. Strodka never submitted — and thus Defendant never received — the request that is the subject of Claim Ten. (*Id.*)

In opposition, Plaintiffs agree that Claim Ten is not properly before the Court and should be dismissed. (ECF No. 8 at 1.) Accordingly, the Court DISMISSES Claim Ten without leave to amend. However, Plaintiffs argue the Court should deny Defendant's motion as to Claims One through Nine for two reasons. (*Id.* at 5.) First, Plaintiffs argue that they exhausted their administrative remedies under the FOIA. (*Id.*) Second, Plaintiffs argue Defendant sent an inadequate notice of appeal rights under the FOIA. (*Id.*) The Court will address Plaintiffs' arguments in turn.

  A.  Exhaustion

Plaintiffs argue they (1) constructively exhausted and (2) actually exhausted their administrative remedies as to their April 2017 requests.

///

      *i.*  *Constructive Exhaustion*

First, Plaintiffs argue they are deemed to have exhausted their administrative remedies because Defendant failed to provide a complete response within the period required by the FOIA. (ECF No. 8 at 5.) The FOIA states in relevant part, "Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552(a)(6)(C). It is undisputed that Defendant did not respond within the deadlines set forth in the FOIA.[3] It is also undisputed Plaintiffs did not pursue an administrative appeal of the April 2017 requests after Defendant eventually responded in November 2017. Instead of pursuing administrative appeals, Plaintiffs filed the instant action on April 10, 2018.

In reply, Defendant argues that at least three appellate courts have held that administrative remedies are deemed exhausted only if the FOIA requester files suit *before* the agency provides a response. (ECF No. 9 at 3 (citing *Taylor v. Appleton*, 30 F.3d 1365, 1369 (11th Cir. 1994); *McDonnell v. United States*, 4 F.3d 1227, 1240 (3d Cir. 1993); *Oglesby v. Dep't of Army*, 920 F.2d 57, 64–65 (D.C. Cir. 1990).) Because Plaintiffs filed suit five months *after* Defendant provided a response, Defendant argues Plaintiffs cannot be deemed to have exhausted their administrative remedies.

All three appellate cases cited by Defendant are directly on point. In *Oglesby*, the court held that the constructive exhaustion provision "lasts only up to the point that an agency actually responds." 920 F.2d at 61. In other words, if an agency responds to an FOIA request before a lawsuit is filed, the "constructive exhaustion provision . . . no longer applies; actual exhaustion of administrative remedies is required." *Id.* In support of its holding, the *Oglesby* court explained,

---

[3] The relevant deadlines for agency responses to FOIA requests are set out in 5 U.S.C. § 552(a)(6)(A): the agency has 20 working days after receipt of an FOIA request in which to determine whether to comply with the request and to notify the person of that determination, the reasons, and the right to appeal any adverse determination to the head of the agency. In unusual circumstances, this time limit may be extended by no more than 10 working days, unless notice is provided allowing the requester to limit the scope of the request. 5 U.S.C. §§ 552(a)(6)(B)(i), (ii).

> We believe that where a requester has chosen to wait past the ten-day period until the agency has responded, Congress intended that the administrative route be pursued to its end. It did not mean for the court to take over the agency's decision-making role in midstream or to interrupt the agency's appeal process when the agency has already invested time, resources, and expertise into the effort of responding.
>
> Allowing a FOIA requester to proceed immediately to court to challenge an agency's initial response would cut off the agency's power to correct or rethink initial misjudgments or errors. The extra several weeks consumed in processing an administrative appeal to completion must surely have been thought a tolerable price to ask from a requester who has already chosen to wait for a response from the agency. If there is to be any uniformity in FOIA interpretations within a given agency, and if agencies are to have an opportunity to revise their responses in light of intervening responses to the same FOIA request by other agencies, such uniformity can best be afforded through the administrative appeal process. Enforcing the ten-day limit by allowing requesters unhappy with the first level response to their request to go to court months or even years after the agency has responded would amount to little more than a continuing penalty on the agency for its initial delay. A requester who waits long past the ten-day deadline for the agency's response and then brings suit without administrative appeal has by his actions indicated that time cannot be of the essence.

*Id.* at 64–65; *see also McDonnell*, 4 F.3d at 1240 (concluding that once an agency responds to an FOIA request, the requester "once again became obligated to pursue his administrative remedies"); *Taylor*, 30 F.3d at 1369–70 (finding that a requester had "neither actually nor constructively exhausted his administrative remedies" because "when he became dissatisfied with the documents obtained from the IRS in that response, he instituted this lawsuit rather than continue to pursue an administrative remedy"). Defendant also cites several cases wherein courts in this District have followed *Oglesby* under similar circumstances. *See, e.g.*, *Fish v. I.R.S.*, No. CIV S-00-1047 LKK PA, 2001 WL 505307, at *3 (E.D. Cal. May 2, 2001); *Azzawi v. Dep't of the Army*, No. 2:15-CV-1138-GEB-CKD, 2016 WL 258463, at *2, n.2 (E.D. Cal. Jan. 21, 2016); *Soghomonian v. United States*, 82 F. Supp. 2d 1134, 1148 (E.D. Cal. 1999).

This Court is persuaded by the well-reasoned decisions cited by Defendant. Looking to the purposes of exhaustion, permitting Plaintiffs to bypass administrative remedies in these circumstances would prevent Defendant from exercising its discretion and expertise on the

matter, making a factual record to support its decision, and potentially correcting mistakes made at lower levels that may remove the need for judicial review altogether. *See McKart v. United States*, 395 U.S. 185, 193–94 (1969). Moreover, Plaintiffs' five-month delay in bringing suit without pursing any administrative appeal indicates that "time cannot be of the essence." *Oglesby*, 920 F.2d at 65. For these reasons, the Court finds Plaintiffs cannot plausibly allege that they have constructively exhausted their administrative remedies for the April 2017 requests.

                ii.       *Actual Exhaustion*

In supplemental briefing, Plaintiffs argue for the first time that in January 2019, Mr. Stanco, Mr. Linares, and Mr. Strodka made a third round of FOIA requests expressly covering the same materials requested by the April 2017 and November 2017 requests ("the January 2019 requests").[4] (ECF No. 12 at 4.) In April 2018, Defendant issued final determinations to the January 2019 requests, from which Plaintiffs timely appealed. (*Id.* at 5.) Plaintiffs argue the April 2017 requests were expressly identified and placed at issue in the appeals of the January 2019 requests. (*Id.*) In July 2019, Defendant issued final appeal determinations on the January 2019 requests. (*Id.*) Plaintiffs thus argue any deficiencies in exhausting remedies for the April 2017 requests was cured by the fully exhausted January 2019 requests. (*Id.*)

In support of their argument, Plaintiffs cite *Toensing v. U.S. Dep't of Justice*, 890 F. Supp. 2d 121 (D.D.C. 2012). It appears the *Toensing* court at least partially forgave the plaintiffs' failure to exhaust because — despite plaintiffs' failure to administratively appeal their initial requests — the agency had the opportunity to review the merits of their prior determination during an appeal of subsequent, duplicative requests seeking the same records. *See id.* at 137. However, because Plaintiffs raised this argument for the first time in a supplemental brief, Defendant was not given a full opportunity to respond.[5]

---

[4] According to Plaintiffs, Mrs. Linares and Mrs. Strodka did not pursue additional FOIA requests in January 2019. (ECF No. 12 at 2.)

[5] Defendant filed a request for leave to file a supplemental reply (ECF No. 16), which the Court granted (ECF No. 17). However, Defendant failed to properly serve and file the proposed supplemental reply thereafter. As such, the Court did not consider the proposed supplemental reply for the purposes of this Order.

Regardless, the Complaint does not include any allegations about the January 2019 requests or appeals as they relate to exhaustion of the April 2017 requests.  In deciding whether a complaint sufficiently states a claim for relief, "a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition." *Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis added).  However, "[f]acts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." *Broam v. Bogan*, 320 F.3d 1023, 1026 (9th Cir. 2003) (citation omitted).  Accordingly, the Court will not consider Plaintiffs' new allegations about the January 2019 requests or appeals because those allegations were not included in the Complaint, but Plaintiffs may amend their Complaint if they wish the Court to consider those allegations in the future.[6]  As it is, Plaintiffs fail to allege they actually exhausted their administrative remedies for the April 2017 requests.

B.     Notice

Plaintiffs next argue Notice 393 did not adequately advise Plaintiffs of their appeal rights.[7] (ECF No. 8 at 9–10.)  Plaintiffs argue Notice 393 advises requesters to appeal a determination that no responsive records exist but does not advise Plaintiffs they had a right to appeal the adequacy of a search that *did* locate responsive records.  (*Id.*)  Plaintiffs also argue Notice 393 is

---

[6]     To the extent Plaintiffs seek to join additional claims related to the January 2019 requests, the Court notes that Plaintiffs have not filed a motion to file a supplemental pleading.  In the absence of fuller briefing on the issue, the Court declines to allow Plaintiffs to add claims regarding the January 2019 requests at this time.

[7]     Plaintiffs' Complaint does not include any specific allegations regarding Notice 393. However, Defendant submits a copy of Notice 393 and a declaration from a Government Information Specialist from the IRS attesting to the fact that the submitted copy of Notice 393 is true and correct.  (ECF No. 5-3 at 35–35; ECF No. 5-2 at 8.)  Moreover, Plaintiffs cite to Defendant's exhibit in support of their argument.  (*See* ECF No. 8 at 4.)  Because Plaintiffs' relevant allegations center on Defendant's final determination, which included Notice 393, the Court finds Notice 393 to be incorporated by reference and will consider Notice 393 in ruling on the instant motion.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (holding a district court may "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment").

misleading because it fails to advise Plaintiffs that Defendant would seek to dismiss any FOIA lawsuit where they had not taken an administrative appeal notwithstanding the "deemed exhaustion" language of the FOIA. (*Id.*)

As Defendant correctly points out, Plaintiffs fail to cite any legal authority to support their arguments. Under the FOIA, "in the case of an adverse determination," the agency must notify the requester of: (1) "the right of such person to appeal to the head of the agency, within a period determined by the head of the agency that is not less than 90 days after the date of such adverse determination;" and (2) "the right of such person to seek dispute resolution services from the FOIA Public Liaison of the agency or the Office of Government Information Services." 5 U.S.C. § 552(a)(6)(A)(i)(III).

Here, Notice 393 advised Plaintiffs of their rights to appeal within 90 days of an adverse determination, including Defendant's denial of "access to a record in whole or in part." (*See* ECF No. 5-3 at 34). As such, Notice 393 appears to meet FOIA requirements. *See* 5 U.S.C. § 552(a)(6)(A)(i)(III); *see also Oglesby*, 920 F.2d at 65 ("A response is sufficient for purposes of requiring an administrative appeal if it includes: the agency's determination of whether or not to comply with the request; the reasons for its decision; and notice of the right of the requester to appeal to the head of the agency if the initial agency decision is adverse."); *Taylor*, 30 F.3d at 1370 ("Here the IRS did respond, told Taylor which documents were being withheld, why, and what he needed to do in order to obtain the withheld documents, and provided information on appellate procedures. In short, the exhaustion requirement was triggered once the IRS met its obligations."). Despite Plaintiffs' unsupported arguments, there are no requirements that an agency must advise requesters that they have the right to appeal any particular issue or that an agency would seek to dismiss any FOIA lawsuit where they had not taken an administrative appeal notwithstanding the "deemed exhaustion" language of the FOIA.

For all these reasons, the Court concludes that Notice 393 was sufficient to advise Plaintiffs of their appeal rights. Plaintiffs do not argue there was any other defect in Defendant's response. Therefore, Plaintiffs were required to exhaust administrative remedies prior to seeking judicial review and fail to plausibly allege that they did so.

     C.     <u>Leave to Amend</u>

Based on Plaintiffs' new arguments regarding Mr. Stanco, Mr. Linares, and Mr. Strodka's January 2019 requests and appeals, the Court cannot say the claims regarding their April 2017 requests could not possibly be cured by the allegation of other or additional facts.  Therefore, Claims One, Two, Three, Four, Seven, and Eight are DISMISSED with leave to amend.  As to Mrs. Linares and Mrs. Strodka's claims, however, Plaintiffs admit they did not file subsequent requests or appeals.  Because Plaintiffs failed to appeal the April 2017 requests despite receiving Defendant's response prior to filing suit, Claims Five, Six, and Nine are DISMISSED without leave to amend.

     **IV.**     **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss (ECF No. 5.) as follows:

     1.     Claims One, Two, Three, Four, Seven, and Eight are DISMISSED with leave to amend; and

     2.     Claims Five, Six, Nine, and Ten are DISMISSED without leave to amend.

Plaintiffs may file an amended complaint not later than fourteen (14) days from the date of electronic filing of this Order.  Defendant's responsive pleading is due twenty-one (21) days after Plaintiffs file the amended complaint.

IT IS SO ORDERED.

DATED:  August 30, 2020

                                              Troy L. Nunley
                                              United States District Judge