DAVID A. HUBBERT
Deputy Assistant Attorney General

STEPHEN S. HO
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-8994
Fax: (202) 514-6866
Email: Stephen.S.Ho@usdoj.gov
*Attorney for the Internal Revenue Service*

WILLIAM A. COHAN
William A. Cohan, P.C.
2888 Loker Ave. E., #202
Carlsbad, CA 92010
Tel.: 442-325-1111
Fax: 442-325-1126
Email: Bill@williamacohan.com
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STANCO, JOSE M. LINARES, and, HENRY M. STRODKA,<br><br>      Plaintiffs,<br>   v.<br><br>INTERNAL REVENUE SERVICE,<br><br>      Defendant. | Case No. 2:18-cv-00873-TLN-CKD<br><br>**JOINT STATUS REPORT** |

In accordance with this Court's December 6, 2022 order directing the parties to file a Joint Notice of Trial Readiness in this Freedom of Information Act ("FOIA") matter, Plaintiff requesters and the Internal Revenue Service ("IRS") have met and conferred and reached an agreement as to the schedule set forth below. The schedule is calculated to allow Plaintiffs and the IRS to attempt to narrow the disputed issues in this matter.

**IRS Statement:** Consistent with the schedule set forth below, the IRS separately submits that a trial in this matter is currently unnecessary given the unique nature of lawsuits brought under the FOIA. FOIA lawsuits are generally resolved through motions for summary judgment, obviating the need for trial. It is exceedingly rare that a FOIA case results in a trial. *See, e.g., Evans v. Fed. Bureau of Prisons*, 951 F.3d 578, 588 (D.C. Cir. 2020) (describing FOIA trials as "rare"); *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 ("Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified") (quoting *Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993)).

Under the FOIA, the IRS has a dual burden to demonstrate, first, that it has conducted an adequate search, and second, that it has properly asserted any exemptions from disclosure. *Stein v. Dept. of Justice*, 134 F.Supp.3d 457, 468 (D.D.C. 2015). To support its position, the IRS typically files detailed affidavits and declarations. *See, e.g.*, *Schultz v. FBI*, 63 F.Supp.3d 1183, 1187 (E.D. Cal 2014) ("Thus, to enable the court's *de novo* review of the agency's claims of exemption and to preserve the adversarial process, the normal process requires that the agency support its position with detailed affidavits and a descriptive index . . ..") (citing *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973)).

**Proposed Schedule:**

The parties propose the following schedule for further proceedings:

- By January 16, 2023, Plaintiffs will provide the IRS with certain waivers from third party taxpayers authorizing the disclosure of their tax return information to the Plaintiffs.
- Beginning at the latest by February 1, 2023, the IRS will begin, on a rolling basis, to provide Plaintiffs with responsive records that are newly non-exempt (either partially or fully) given the submitted authorizations.
- Beginning at the latest by February 1, 2023, the IRS will also begin, on a rolling basis, to provide Plaintiffs with a draft index: (a) identifying the responsive records that the agency has withheld in part or in full on the basis of statutory exemptions to disclosure; and (b) setting forth the basis for applying each exemption. The last draft index by the IRS is to be provided by March 1, 2023 at the latest. The parties reserve their rights with respect to whether Plaintiffs have exhausted their administrative remedies as to Plaintiffs' April 2017 requests, which was previously briefed in prior motion papers.
- By no later than March 6, 2023, the IRS will provide a draft declaration concerning the adequacy of its searches.
- By no later than March 31, 2023, Plaintiffs will provide the IRS with a letter setting forth concerns or objections as to the content of the draft index and draft declaration, if any.
- By no later than April 17, 2023, the parties will confer to assess whether any issues remain in dispute.

- By no later than April 30, 2023, the parties will submit a joint status report updating the Court on their progress in this case, including a proposed briefing schedule on any remaining disputed issues. The parties will also file any stipulations as to agreed issues, if any.

Recognizing that they are engaging in good faith negotiations, the parties agree that evidence of the IRS's efforts to address Plaintiffs' concerns, including any revisions to previously exchanged declarations or exemption claims, is not admissible to prove that the IRS's search was unreasonable or that the IRS's exemption claims were improper.

Dated: December 27, 2022

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Stephen S. Ho
STEPHEN S. HO
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 616-8994
Fax: (202) 514-6866
Email: Stephen.S.Ho@usdoj.gov

/s/ William A. Cohan
WILLIAM A. COHAN
William A. Cohan, P.C.
2888 Loker Ave. E., #202
Carlsbad, CA 92010
Tel.: 442-325-1111
Fax: 442-325-1126
Email: Bill@williamacohan.com